# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| KEITH CLARK, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-1420-SEM-KLM |
| | ) |
| PEORIA COUNTY JAIL, et al., | ) |
|     Defendants. | ) |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff *pro se* Keith Clark, who is currently imprisoned at Dixon Correctional Center, has filed a complaint [1] under 42 U.S.C. § 1983 that is before the Court for screening. Plaintiff subsequently filed a motion for preliminary injunction [7].

## I. COMPLAINT

### A. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the complaint, the Court

accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Facts Alleged

Plaintiff's suit arises from his pretrial detention at the Peoria County Jail. His complaint names the following Defendants: Peoria County Jail ("the Jail"); Dr. Burnice Young, the full-time mental health provider at the Jail; mental health staff members Becky, Michelle, Ryan, and Kevin (last names unknown); nurse Kate (last name unknown); and Jail Superintendent Turner.

Plaintiff alleges that he was placed on suicide watch immediately upon his arrival at the Peoria County Jail on April 20, 2023, following a suicide attempt at the Peoria Police Department. Defendant Michelle cleared him from suicide watch on April 22, 2023, and he made an "extreme attempt at suicide" just hours later.

On June 14, 2023, following another suicide attempt, Plaintiff was again placed in a suicide restraint cell, for a period of approximately 60 days. For the first 72 hours he was forced to sit strapped to a restraint chair, despite speaking with Defendant mental health staff members and showing no signs that he was going to attempt suicide.

During the second and third days that Plaintiff was strapped to the chair, his feet had swollen to twice their normal size. He was taken to the Jail's medical unit, where he was examined by Defendant Nurse Kate. She explained that his feet had swollen because the blood in his body was not circulating properly due to him being in a constant sitting position. However, Nurse Kate allowed Plaintiff to be taken back to the cell and strapped back into the chair.

After the third day, Plaintiff was released from the restraint chair. He was given only a suicide smock and had nothing else in his cell—not even a mat on which to sleep. The cell did not have a toilet or a sink. There was a hole in the floor for Plaintiff to use in place of a toilet. The hole contained fecal remains from other inmates who had previously occupied the cell. Dozens of flying

insects were in the cell, where they would fly from the fecal matter to Plaintiff's skin. Without a sink, Plaintiff would go more than a day without water because officers told him they were too busy to bring him water. During the 60 days he was in this cell, Plaintiff received three meals a day, each consisting of a peanut butter and jelly sandwich.

### C. Analysis

Based on the Court's review, the facts Plaintiff alleges are sufficient to state two claims, which are governed by the Fourteenth Amendment. *See Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015) (pretrial detainee's constitutional rights "are derived from the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, which is applicable to convicted prisoners").

First, Plaintiff has stated a claim for unconstitutional conditions of confinement against Defendants Dr. Young; mental health staff members Becky, Michelle, Ryan, and Kevin; and Jail Superintendent Turner. Plaintiff alleges that each of these Defendants was aware of the objectively unreasonable living conditions in his cell, including lack of water and sanitary toilet facilities, and had the ability to change Plaintiff's living conditions

but did not do so. *See Hardeman v. Curran*, 933 F.3d 816, 822-24 (7th Cir. 2019), *citing Kingsley v. Hendrickson*, 576 U.S. 389 (2015).

Second, Plaintiff has stated a claim for unreasonable medical/mental health treatment against Defendants Young, Becky, Michelle, Ryan, Kevin, and nurse Kate. *See, e.g., Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). Plaintiff has adequately pled sufficient facts to allege that he suffered from a serious medical or mental health condition, that these Defendants had knowledge thereof, and that Defendants' response to his condition was objectively unreasonable.

Finally, Plaintiff has named the Peoria County Jail as a Defendant. However, "a jail is not a legal entity that can be sued under § 1983." *Webb v. Franklin County Jail*, 2017 WL 914736, at *2 (S.D. Ill. Mar. 8, 2017), *citing Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore, Plaintiff may not proceed on a claim against Peoria County Jail.

## II. PRELIMINARY INJUNCTION

Several months after filing the instant complaint, Plaintiff sent a letter to the undersigned, seeking to inform the Court that Peoria County Jail had been retaliating against him since the filing of the

suit and asking the Court to transfer him. This letter was docketed as a motion for preliminary injunction.

Plaintiff's request is MOOT, as he subsequently notified the Court that he is now incarcerated at Dixon Correctional Center.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Preliminary Injunction [7] and Motion Requesting Status of Case [8] are MOOT.**

2) **According to the Court's Merit Review of Plaintiff's complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with a Fourteenth Amendment conditions of confinement claim against Defendants Young, Becky, Michelle, Ryan, Kevin, and Turner and a Fourteenth Amendment claim for unreasonable medical/mental health treatment against Defendants Young, Becky, Michelle, Ryan, Kevin, and Kate. Defendant Peoria County Jail is DISMISSED. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

3) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions, to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.**

4) **The Court will attempt service on Defendants by mailing a waiver of service. Defendants have sixty days from service to file an Answer. If Defendants have not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting**

the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

'5) Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth a Defendant's positions. The Court does not rule on the merits of those positions unless and until a Defendant files a motion. Therefore, no response to the Answer is necessary or will be considered.

7) This District uses electronic filing, which means that, after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance, and the

Court has entered a scheduling order, which will explain the discovery process in more detail.

8) **Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.**

9) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.**

10) **If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and will require that Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

11) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

12) **The Court directs the Clerk to attempt service on Defendants under the standard procedures.**

ENTERED December 10, 2024.

s/ *Sue E. Myerscough*

_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE